# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00885-CNS

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and
ULTRA RECORDS, LLC,

Plaintiffs,

v.

MOODY II LLC T/A MOODY RECORDINGS,
JONAS TEMPEL, and
WILLIAM RENKOSIK p/k/a DJ BAD BOY BILL,

Defendants.

---

**FIRST AMENDED ANSWER OF MOODY II LLC T/A MOODY RECORDINGS, JONAS TEMPEL AND WILLIAM RENKOSIK P/K/A DJ BAD BOY BILL AND JURY DEMAND**

---

Defendants Moody II LLC, T/A Moody Recordings ("Moody"), Jonas Tempel ("Tempel") and William Renkosik p/k/a DJ Bad Boy Bill ("Renkosik"), by the undersigned counsel, answer the Complaint as follows:

1. Deny each and every allegation contained in paragraph 1 of the Complaint, except admit that the complaint purports to allege claims for copyright infringement, breach of contract and alter ego.

2. Admit the allegations contained in paragraph 2 of the Complaint.

3. Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that the Court has personal jurisdiction over Moody, which is organized and existing under

1

the laws of the State of Colorado and Tempel, who resides in the State of Colorado.

4. Deny each and every allegation contained in paragraph 4 of the Complaint, but admit venue is proper in the district pursuant to §1391 (a) and (b).

5. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 5 of the Complaint and therefore deny such allegations.

6. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore deny such allegations.

7. Deny each and every allegation contained in paragraph 7 of the Complaint, except admit that Moody is a limited liability company duly formed under the laws of the State of Colorado.

8. Admit the allegations contained in paragraph 8 of the Complaint.

9. Deny each and every allegation contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Deny each and every allegation contained in paragraph 11 of the Complaint, except admit that on or about June 6, 2014, Sony Music Entertainment España, S.L. and Moody entered into an agreement and refer the Court to the agreement for its terms.

12. Deny each and every allegation in paragraph 12 of the Complaint and refer the Court to the agreement for its terms.

13. Deny each and every allegation in paragraph 13 of the Complaint and refer the

Court to the agreement for its terms.

14. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 14 of the Complaint and therefore deny such allegations.

15. Deny each and every allegation contained in paragraph 15 of the Complaint.

16. Deny each and every allegation contained in paragraph 16 of the Complaint.

17. Deny each and every allegation contained in paragraph 17 of the Complaint.

18. Deny each and every allegation contained in paragraph 18 of the Complaint.

19. Deny each and every allegation contained in paragraph 19 of the Complaint.

20. Deny each and every allegation contained in paragraph 20 of the Complaint, except admit that the track entitled *Dancin* has received more than two hundred million streams on Spotify.

21. Deny each and every allegation contained in paragraph 21 of the Complaint.

22. Deny each and every allegation contained in paragraph 22 of the Complaint.

23. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 23 of the Complaint and therefore deny such allegations but admit that the track entitled *Dancin* has more than 207,000,000 streams on Spotify.

24. Deny each and every allegation contained in paragraph 24 of the Complaint.

25. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 25 of the Complaint and therefore deny such allegations.

26. Deny each and every allegation contained in paragraph 26 of the Complaint.

## COUNT I

## COPYRIGHT INFRINGEMENT

### (Plaintiffs against all Defendants)

27. With respect to paragraph 27 of the Complaint, answering Defendants refer to and incorporate by reference their responses to paragraphs 1 through 26 as though fully set forth herein.

28. Deny each and every allegation contained in paragraph 28 of the Complaint and refers the Court to the agreement for its terms.

29. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 29 of the Complaint and therefore deny such allegations.

30. Deny each and every allegation contained in paragraph 30 of the Complaint, except admit that the Track has been registered with the United States Copyright Office as Registration No. SR0000753818.

31. Deny each and every allegation contained in paragraph 31 of the Complaint.

32. Deny each and every allegation contained in paragraph 32 of the Complaint.

33. Deny each and every allegation contained in paragraph 33 of the Complaint.

34. Deny each and every allegation contained in paragraph 34 of the Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Deny each and every allegation contained in paragraph 36 of the Complaint.

37. Deny each and every allegation contained in paragraph 37 of the Complaint.

38. State the allegations in paragraph 38 of the Complaint contain legal conclusions of

law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39. State the allegations in paragraph 39 of the Complaint contain legal conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny each and every allegation contained in paragraph 39 of the Complaint.

40. State the allegations in paragraph 40 of the Complaint contain legal conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny each and every allegation contained in paragraph 40 of the Complaint.

41. State the allegations in paragraph 41 of the Complaint contain legal conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny each and every allegation contained in paragraph 41 of the Complaint.

42. Deny each and every allegation contained in paragraph 42 of the Complaint.

43. Deny each and every allegation contained in paragraph 43 of the Complaint.

44. Deny each and every allegation contained in paragraph 44 of the Complaint.

45. Deny each and every allegation contained in paragraph 45 of the Complaint.

46. Deny each and every allegation contained in paragraph 46 of the Complaint.

47. Deny each and every allegation contained in paragraph 47 of the Complaint.

//

//

//

//

//

## COUNT II

## CONTRIBUTORY INFRINGEMENT

**(Plaintiffs against all Defendants)**

48. With respect to paragraph 48 of the Complaint, answering Defendants refer to and incorporate by reference their responses to paragraphs 1 through 47 as though fully set forth herein.

49. Deny each and every allegation contained in paragraph 49 of the Complaint.

50. Deny each and every allegation contained in paragraph 50 of the Complaint.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint.

53. Deny each and every allegation contained in paragraph 53 of the Complaint.

54. Deny each and every allegation contained in paragraph 54 of the Complaint.

55. Deny each and every allegation contained in paragraph 55 of the Complaint.

56. Deny each and every allegation contained in paragraph 56 of the Complaint.

## COUNT III

## VICARIOUS INFRINGEMENT

**(Plaintiffs against all Defendants)**

57. With respect to paragraph 57 of the Complaint, answering Defendants refer to and incorporate by reference their responses to paragraphs 1 through 56 as though fully set forth herein.

58. Deny each and every allegation contained in paragraph 58 of the Complaint.

59. Deny each and every allegation contained in paragraph 59 of the Complaint.

60. Deny each and every allegation contained in paragraph 60 of the Complaint.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Complaint.

63. Deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Complaint.

66. Deny each and every allegation contained in paragraph 66 of the Complaint.

## COUNT IV

## BREACH OF CONTRACT

**(Sony against all Moody)**

67. With respect to paragraph 67 of the Complaint, answering Defendants refer to and incorporate by reference their responses to paragraphs 1 through 26 as though fully set forth herein.

68. Deny each and every allegation contained in paragraph 68 of the Complaint, except admit that the Exclusive License Agreement, subject to any and all modifications, constitutes a valid and binding agreement between Sony Spain and Moody.

69. Deny each and every allegation contained in paragraph 69 of the Complaint.

70. Deny each and every allegation contained in paragraph 70 of the Complaint and refer the Court to the agreement for its terms.

71. Deny each and every allegation in paragraph 71 of the Complaint and refer the Court to the agreement for its terms.

72. Deny each and every allegation contained in paragraph 72 of the Complaint.

73. Deny each and every allegation contained in paragraph 73 of the Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Complaint.

75. Deny each and every allegation contained in paragraph 75 of the Complaint.

76. Deny each and every allegation contained in paragraph 76 of the Complaint.

77. Deny each and evert allegation contained in paragraph 77 of the Complaint, except admits that the track entitled *Dancin* has more than two hundred million streams on Spotify.

78. Deny each and every allegation contained in paragraph 78 of the Complaint.

79. Deny each and every allegation contained in paragraph 79 of the Complaint.

80. Deny each and every allegation contained in paragraph 80 of the Complaint.

81. Deny each and every allegation contained in paragraph 81 of the Complaint.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

## COUNT V

## ALTER EGO

### (Against Tempel and Renkosik)

83. With respect to paragraph 83 of the Complaint, answering Defendants refer to and incorporate by reference their responses to paragraphs 1 through 82 as though fully set forth herein.

84. Deny each and every allegation contained in paragraph 84 of the Complaint, except admit that Moody was formed in July of 2013.

85. Deny each and every allegation contained in paragraph 85 of the Complaint.

86. Deny each and every allegation in paragraph 86 of the Complaint, except admit that

Tempel is an owner and member of Moody.

87. Deny each and every allegation contained in paragraph 87 of the Complaint.

88. Deny each and every allegation contained in paragraph 88 of the Complaint.

89. Deny each and every allegation contained in paragraph 89 of the Complaint.

90. Deny each and every allegation contained in paragraph 90 of the Complaint.

91. Deny each and every allegation contained in paragraph 91 of the Complaint.

92. Deny each and every allegation contained in paragraph 92 of the Complaint.

93. Deny each and every allegation contained in paragraph 93 of the Complaint.

94. Deny that they have information and belief sufficient to determine the truth or falsity of the allegations contained in paragraph 94 of the Complaint and therefore deny such allegations, but admits that Moody was held in delinquency in 2014, but is currently in good standing.

95. Deny each and every allegation contained in paragraph 95 of the Complaint.

96. Deny each and every allegation contained in paragraph 96 of the Complaint.

97. Deny each and every allegation contained in paragraph 97 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

98. The Complaint and each claim alleged therein, including, but not limited to, Counts One, Two and Three, fails to state a claim upon which relief can be granted.

///

///

## SECOND AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

99. The Court lacks personal jurisdiction over defendant Renkosik.

## THIRD AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

100. All claims for relief are barred because Moody has a license from Sony Music Entertainment España, S.L. ("Sony España") to exploit the track entitled *Dancin* in the territories complained about in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

101. All claims of relief are barred because Plaintiffs waived their right to sue Defendants by the words and actions of Sony España giving Moody permission to exploit *Dancin* in the territories complained about in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

102. All claims for relief are barred because Plaintiffs are estopped from suing Defendants by the words and actions of Sony España giving Moody permission to exploit *Dancin* in the territories complained about in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

## AS TO ALL CLAIMS FOR RELIEF

103. All or some of the claims for relief are barred pursuant to C.R.S. 13-80-110, to the extent that the statute of limitations with respect to any of the claims expired under the laws of

either New York or Spain prior to April 10, 2023.

### SEVENTH AFFIRMATIVE DEFENSE

### AS TO THE FIRST, SECOND AND

### THIRD COUNTS FOR RELIEF

104. To the extent that any copyright has been infringed, which Defendants deny, Defendants' actions were in good faith and innocent and non-willful because they thought they had permission to exploit *Dancin* in the territories complained about.

### EIGHTH AFFIRMATIVE DEFENSE

### AS TO THE FIRST, SECOND AND

### THIRD COUNTS FOR RELIEF

105. Plaintiffs' First, Second and Third Counts are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, 17 U.S.C. §507(b).

### NINTH AFFIRMATIVE DEFENSE

### AS TO ALL CLAIMS FOR RELIEF

106. The Complaint is barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

### TENTH AFFIRMATIVE DEFENSE

### AS TO ALL CLAIMS FOR RELIEF

107. The Complaint is barred, in whole or in part, including, but not limited to, the request for preliminary and permanent injunction, by the doctrine of laches.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

## AS TO THE FIFTH COUNT FOR RELIEF

108. The Fifth Count for relief against Renkosik is barred because he is not a member of Moody.

## TWELFTH AFFIRMATIVE DEFENSE

## AS TO THE FOURTH COUNT FOR RELIEF

109. The Fourth Count for relief is barred by the doctrine of preemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

## AS TO THE FOURTH COUNT FOR RELIEF

110. The Fourth Count for relief is barred because Defendants' performance thereunder was excused by the prior breaches of Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

## AS TO THE FOURTH COUNT FOR RELIEF

111. The Fourth Count for relief is barred by the applicable statute of limitations, including, but not limited to, C.R.S. 13-80-101.

## FIFTEETH AFFIRMATIVE DEFENSE

## AS TO THE FIFTH COUNT FOR RELIEF

112. The Fifth Count for relief is barred because Moody is a legitimate LLC in good standing.

///

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

## AS TO THE FIRST, SECOND, THIRD

## AND FIFTH COUNTS FOR RELIEF

113.  Ultra Records, LLC lacks standing to sue on the First, Second, Third and Fifth Counts for relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## AS TO ALL COUNTS FOR RELIEF

114.  The License Agreement between Moody and Sony España dated on or about June 6, 2014 was modified by the words and actions of Sony España granting Moody the right to exploit *Dancin* in the territories complained about in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## AS TO THE FIRST, SECOND AND THIRD

## COUNTS FOR RELIEF

115.  The First, Second and Third Counts for Relief are barred because the actions alleged, which Defendants deny committing, constitute a breach of contract as opposed to copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs, as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That the action be dismissed with prejudice against the Defendants;

3. That Defendants recover their costs of suit, including reasonable attorneys' fees pursuant to the Copyright Act, 17 U.S.C. §505; and

4. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on all claims for relief and issues triable by jury.

Dated:  July 10, 2023                                              Respectfully submitted,


*s/ Mark Passin*_____
Mark D. Passin, Esq.
Reeder McCreeary, LLP
11766 Wilshire Boulevard, Suite 1470
Phone: (310) 861-2470
Email: mark@reedermccreary.com
*Attorneys for Defendants Moody II LLC T/A Moody Recordings, Jonas Tempel and William Renkosik p/k/a DJ Bad Boy Bill*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2023, a true and correct copy of the foregoing **AMENDED ANSWER OF MOODY II LLC T/A MOODY RECORDINGS, JONAS TEMPEL AND WILLIAM RENKOSIK P/K/A DJ BAD BOY BILL AND JURY DEMAND** was served to the following by CM-ECF:

Sarah M. Matz
Gary Adelman
ADELMAN MATZ, P.C.
1159 Second Avenue, Suite 153
New York, New York 10065
*Attorneys for Plaintiffs Sony Music Entertainment España, S.L., and Ultra Records, LLC*

*s/ Thomas Dorst*
Thomas Dorst
Office Manager, Reeder McCreary, LLP