IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00885-CNS-SBP

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and
ULTRA RECORDS, LLC,

Plaintiffs,

v.

MOODY II LLC T/A MOODY RECORDINGS,
JONAS TEMPEL, and
WILLIAM RENKOSIK p/k/a DJ BAD BOY BILL,

Defendants.

**STIPULATED PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, and the parties having stipulated to the following provisions, it is hereby **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**Confidential Materials May Be Designated as Confidential**

1.   Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this

1

action) shall hereinafter be referred to collectively as "Confidential Material") that is designated as "CONFIDENTIAL" pursuant to the terms of this Order shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. The person producing Confidential Material may designate as "CONFIDENTIAL" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. With respect to the confidential portion of any Confidential Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "CONFIDENTIAL" by stamping or otherwise clearly marking as "CONFIDENTIAL" the document or protected portion in a manner that will not interfere with legibility or audibility, or, if stamping is not practical, (i) by including the designation in a writing included with the document; or (ii) including the designation in the title of the document. Deposition testimony may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within fourteen (14) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" "by the reporter.

4.       If at any time prior to the trial of this action, a producing person realizes that some portion of Confidential Material that that person previously produced without limitation should be designated as "CONFIDENTIAL", the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Confidential Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Confidential Material that bears the "CONFIDENTIAL" designation within two (2) business days of providing such notice.

5.       Any person who either objects to any designation of "CONFIDENTIAL" or who, by contrast, requests still further limits on disclosures (such as "ATTORNEYS EYES ONLY"), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the objecting or requesting party shall ~~file a motion~~ **raise the issue** with the Court **pursuant to the Court's discovery dispute practice standards to determine whether good cause exists for the disputed information to be treated as Confidential or Attorneys Eyes Only. The party designating the information as such (or seeking to designate it as such) shall bear the burden to establish good cause to support the designation.**  For the avoidance of doubt, even though this Agreement initially does not provide for an "ATTORNEYS EYES ONLY" designation, the parties reserve all rights to seek such protection in the future pursuant to this paragraph, and the non-inclusion of an "ATTORNEYS EYES ONLY" designation is not a concession or waiver of any position that such a designation would or would not be warranted in the future.

### Who May Receive Confidential Materials

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Material to any other person whomsoever, except to:

   a. the parties to this action;

   b. The employees of the parties to the action, the parties' attorneys (even if they are not attorneys of record in this action) and/or the parent company's in-house counsel of any party to the action, provided that such disclosure is needed to assist in the prosecution or defense of this action;

   c. persons who are members of, associated with, or employed by the parties' respective undersigned counsels' law firms, including but not limited to attorneys who are working on this action on behalf of any party, and any paralegals, clerical employees, and other office staff employed by such counsel;

   d. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   e. any witnesses (other than persons who already qualify under sub-paragraphs 6(a)-6(d)) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided that they are advised of the existence of this Stipulated Protective Order and that Confidential Material is subject to the terms of the Order and provided such person has first executed the declaration annexed as Exhibit A hereto;

   f. any persons retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action,

4

      including their professional and clerical support staff, provided such person has first executed the declaration annexed as Exhibit A hereto;

    g.  court reporters, stenographers and/or video technicians engaged to transcribe or record depositions conducted in this action;

    h.  independent photocopying, graphic production services, trial consulting services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

    i.  the Court and its staff; and

    j.  any other person whom the producing person, or other person designating the Confidential Material as "CONFIDENTIAL" agrees in writing may have access to such Confidential Material, provided such person has first executed the declaration annexed as Exhibit A hereto.

    7.    Prior to the disclosure of any Confidential Material to any person referred to in subparagraphs 6(e), 6(f), or 6(j) above, such person shall be provided by counsel with a copy of this Order and shall sign the declaration annexed as Exhibit A, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed declaration and, except for any person retained by a party to serve as a consultant pursuant to subparagraph 6(f), produce it upon request to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

### Filing Confidential Materials in this Action

8. All Confidential Material **that it is necessary to file** shall be filed with the Court in accordance with the Local Rules of the District Court of Colorado, including but not limited to in accordance with D.C.Colo.L.CivR 7.2.

9. Each person who has access to Confidential Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

### Inadvertent Failure to Designate

10. Production of any material without a designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said material CONFIDENTIAL. Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of materials, the party receiving such materials shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated materials from persons not entitled to receive them. Disclosure of such CONFIDENTIAL material to persons not authorized to receive that material prior to receipt of the redesignation shall not be deemed a violation of this Order. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the material, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not agreed to in writing within five (5) court days, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party or nonparty of the distribution

and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

### Termination of the Litigation

11. This Order shall survive the termination of the litigation.

12. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: September 16, 2023

REEDER MCCREARY, LLP

/s/ Mark Passin
Mark D. Passin
11766 Wilshire Blvd, Suite 1470
Los Angeles, CA 90025
Phone: (310) 861-2475
Email: mark@reedermccreary.com
Attorneys for Defendants

Dated: September 16, 2023

ADELMAN MATZ, P.C.

/s/ *Sarah Matz*
Sarah M. Matz
1159 Second Ave, Suite 153
New York, New York, 10022
Phone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
Attorneys for Plaintiffs

**SO ORDERED** this 20th day of September 2023.

**Susan Prose**
**United States Magistrate Judge**

7

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00885-CNS-SBP

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and
ULTRA RECORDS, LLC,

Plaintiffs,

v.

MOODY II LLC T/A MOODY RECORDINGS,
JONAS TEMPEL, and
WILLIAM RENKOSIK p/k/a DJ BAD BOY BILL,

Defendants.

## DECLARATION

    I, _____, declare and say that:

    1.    I have read and understand the Stipulated Protective Order ("Order") entered in *Sony Music Entertainment España, S.L. et al., v. Moody II LLC T/A Moody Recordings, et al.,* Case No. 23-cv-00885-CNS-SBP ("Action"), and a copy of the Order has been given to me.

    2.    I agree to be bound by the terms of the Order and agree that any material designated CONFIDENTIAL within the meaning of the Order shall be used by me only for the purposes of this Action.

3. I agree that I will not disclose or discuss material designated CONFIDENTIAL with anyone other than the persons described in paragraph 6 of the Order.

4. I understand and agree that within thirty (30) days of receipt of written notice of the final disposition of this Action, whether by judgment, settlement, or otherwise, including appeals, from the party or attorney from whom I received the CONFIDENTIAL material, I shall either destroy or deliver to such person, all CONFIDENTIAL material and all copies made thereof (including summaries, excerpts and work product that includes information obtained from any received Confidential Material).

5. I agree to be subject *in personam* to the jurisdiction of the United States District Court for the District of Colorado in which this Action shall be conducted in connection with any proceeding related to the enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

At: _____

_____
[Signature]