IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00885

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and ULTRA RECORDS, LLC,

Plaintiffs,

v.

MOODY II LLC T/A MOODY RECORDINGS, JONAS TEMPEL, and
WILLIAM RENKOSIK p/k/a DJ BAD BOY BILL,

Defendants.

**UNOPPOSED MOTION TO RESTRICT ACCESS TO EXHIBIT "A" ATTACHED TO EXHIBIT "1" TO THE DECLARATION OF MARK D. PASSIN FILED IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR AMENDED ANSWER TO INCLUDE COUNTERCLAIMS (ECF 44)**

Defendants Moody II LLC T/A Moody Recordings, Jonas Tempel, and William Renkosik P/K/A Bad Boy Bill (collectively, "Defendants") respectfully move the Court for an order permitting Defendants to maintain Exhibit "A" ("Confidential Exhibit"), which is attached to Exhibit 1 to the declaration of Mark D. Passin filed in support of Defendants' Motion for Leave to Amend Their Amended Answer to include Counterclaims Against Plaintiff Sony Music Entertainment España ("Motion") (Docket No. 44). A sealed version of the Confidential Exhibit was filed as Docket Entry 44 and an unredacted version of which was filed as Level 1 Restriction pursuant to D.C.COLO.LCivR 7.2(c) as docket No.46. Plaintiffs Sony Music Entertainment España, S.L., and Ultra Records, LLC, (collectively, "Plaintiffs") do not oppose the instant motion.

**ARGUMENT**

There is a presumption that court documents are to be available to the public, but access may be restricted when the public's right of access is outweighed by interests which favor

57942878.1

nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Colorado Local Rule 7.2(c) provides that a party making a restricted filing shall automatically lose that restriction after fourteen days unless it files a motion to maintain that level of restriction. Colorado Local Rule 7.2(c) sets forth the requirements for a motion to restrict as follows: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and why that interest outweighs the presumption of public access; (3) identify the injury which would result if the document is not restricted; and (4) explain why alternatives are not adequate.

Defendants filed the Motion on December 4, 2023. Defendants filed Exhibit "1" to the Declaration of Mark D. Passin filed in support of the Motion under seal because it is a single document and Defendants believed the entire document had to be filed under seal. However, only Exhibit "A" to Exhibit "1" needs to be filed under seal. Exhibit "A" is the contract between the parties that is the subject of Defendants' counterclaims and Plaintiffs' causes of action.

The contract should be filed under seal because it expressly provides in the contract that "[t]he terms of this agreement are strictly confidential." The foregoing language is set forth in the agreement because it contains sensitive confidential proprietary business information of the parties that should not be disclosed to third parties. As a result of the confidentiality language in the contract, Defendants produced a copy of the agreement to Plaintiffs pursuant to the Stipulated Motion for Protective Order that was entered by the Court. (Docket Nos. 35 & 36). Thus, the contract is also confidential pursuant to the terms of that Order.

Allowing the public access to the information could cause harm to the respective parties' businesses. The parties' right to maintain this highly sensitive and confidential proprietary business information under seal outweighs the public's right to access the material. The foregoing

2

57942878.1

is especially true at this stage of the proceedings where very little discovery has taken place and the parties are attempting to settle the matter.

There are no feasible options short of restriction of the entire contract. Redaction is not feasible because sensitive information appears throughout the document. Defendants seek the lowest level of restriction, and so there is no lesser level of restriction available. Restricting the exhibit in full is therefore the least restrictive manner of protecting the parties' business interests. Nonetheless, the amended pleading without the Confidential Exhibit attached to it can be placed in the public record.

For these reasons, the parties respectfully request that the court maintain Level 1 Restriction on the Confidential Exhibit filed as part of Docket Entry No. 46.

Dated:  December 27, 2023

**Reeder McCreary LLP**

By_____
Mark D. Passin
1176 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90025
Phone: (310) 861-2475
Email:  mark@reedermccreary.com
*Attorneys for Defendants Moody II LLC T/A Moody Recordings, Jonas Tempel, and William Renkosik p/k/a DJ Bad Boy Bill*

3

57942878.1