IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00885

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and
ULTRA RECORDS, LLC,
    Plaintiffs,
v.

MOODY II LLC T/A MOODY RECORDINGS,
JONAS TEMPEL, AND
WILLIAM RENKOSIK P/K/A DJ BAD BOY BILL
    Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND THEIR FIRST AMENDED ANSWER TO INCLUDE COUNTERCLAIMS AGAINST SONY MUSIC ENTERTAINMENT ESPAÑA S.L.**

Plaintiffs Sony Music Entertainment España, S.L. ("Sony") and Ultra Records, LLC ("Ultra") (collectively, "Plaintiffs") by and through their attorneys, respectfully submit this memorandum of law in opposition to the Motion for Leave to Amend the Amended Answer filed by Defendants, Moody II LLC T/A Moody Recordings ("Moody"), Jonas Tempel ("Tempel") and William Renkosik p/k/a DJ Bad Boy Bill ("Renkosik") (collectively, "Defendants"). [Dkt. No. 44] (the "Motion").

**PRELIMINARY STATEMENT**

The Motion should be denied in its entirety because Defendants have failed to show that the proposed amendments are justified. Additionally, the proposed amendments would be futile given that the counterclaims proposed by Moody would be subject to dismissal. Moody seeks to assert counterclaims for (1) accounting; and (2) breach of implied covenant of good faith and fair dealing. Motion, Ex. 1 (the "Proposed Counterclaims"). However, Moody's Proposed Counterclaims are brought pursuant to Colorado law, and therefore are precluded in light of the choice of law provision in the agreement entered into between Sony and Moody (the

"Agreement"), which specifically states that Spanish law governs the terms of the Agreement.

Regardless of whether Colorado law or Spanish Law governs the Agreement, Defendants' proposed amendments are futile, as they are subject to dismissal under Rule 12(b)(6). The accounting claim will fail, as the allegations in the Proposed Counterclaims are devoid of any allegations that Moody demanded an accounting and Sony refused such demand, which is a requirement to state a claim for an accounting. Additionally, the Proposed Counterclaims do not fall under an exception to the demand requirement, and the accounting claim is not "ancillary" to a separate breach of contract claim, as one has not been pled.

The breach of the covenant of good faith and fair dealing claim in the Proposed Counterclaims is also futile as, whether viewed under Spanish law or Colorado law, Moody could not have reasonable expected Sony go after any or all copyright infringers, because there is no requirement in the Agreement for Sony to do so. Such an onerous requirement, which in practicality would require Sony to be forced to incur significant legal and other expenses, could never reasonably be imposed as an implied covenant. It is an entirely new obligation, which pursuant to well settled law cannot be imposed as an implied covenant of good faith and fair dealing.

Finally, Defendants' undue delay in requesting leave to amend is grounds to deny the Motion. Despite first discussing an amendment on August 28, 2023, Defendants inexplicably waited until November 29, 2023, three (3) months later, to provide Plaintiffs with a proposed amended answer and counterclaims. Moreover, any information alleged in the counterclaims was available to the Defendants prior to filing both the Answer and First Amended Answer. As such, Moody could, and in fact should, have previously asserted the Proposed Counterclaims.

Accordingly, the Defendants' Motion should be denied in its entirety.

## PROCEDURAL HISTORY

On April 10, 2023, Plaintiffs filed the complaint against Defendants, alleging causes of action for (1) copyright infringement; (2) contributory infringement; (3) vicarious infringement; (4) breach of contract; and (5) alter ego (the "Complaint"). [Dkt. No. 1]. On July 10, 2023, Defendants filed their answer to the Complaint (the "Answer"). [Dkt. No. 20]. Defendants, in the Answer, asserted fourteen affirmative defenses. *Id.* On July 18, 2023, Defendants filed an amended answer to the Complaint, in which Defendants asserted four additional affirmative defenses (the "First Amended Answer"). [Dkt. No. 24].

On August 28, 2023, Defendants' counsel contacted Plaintiffs to ask if Plaintiffs would stipulate to a second amendment of Defendants' Answer "to include a claim for declaratory relief that if Moody loses it will get credit for its royalty under the agreement between the parties". Affirmation of Sarah M. Matz (the "Matz Aff."), ¶3, Ex. 1. Plaintiffs' counsel informed Defendants' counsel that they would discuss internally, and on August 31, 2023, requested a redline of the proposed amendment. *Id.*, ¶4, Ex. 1.

On September 1, 2023, during a meet and confer on a separate issue in the instant action, Defendants' counsel acknowledged that he still needed to send over the redlined proposed answer that was requested by Plaintiffs' counsel. *Id.*, ¶5. However, months went by without Defendants' counsel providing the proposed pleading. *Id.*

On September 8, 2023, Plaintiffs served their first set of document demands and first set of interrogatories on Defendants. *Id.*, ¶6. Additionally, on September 20, 2023, Plaintiffs served their second set of document demands on Defendants. *Id.* However, Defendants have only provided insufficient written responses and an initial document production consisting solely of a copy of the Agreement between Sony and Moody. Motion, Exhibit A at Exhibit 1; [Dkt. No. 46]

3

(the "Agreement"). *Id*. By letter dated February 9, 2024, Plaintiffs outlined each of the ways in which the responses and initial document production were insufficient. *Id*., ¶7. However, Defendants have still failed to supplement either their deficient written responses or their deficient document production. *Id*.

On November 8, 2023, Defendants' counsel requested to extend the deadline to amend the pleadings another thirty (30) days, without providing any reason for the request and without sending the proposed pleading. *Id*., ¶8; Ex. 2. On November 13, 2023, Defendants' counsel followed up on this request, stating that he was engaged in another matter with a motion due the same date, and that they would move for leave to file counterclaims for (1) accounting and payment of any money found due for breach of contract; and (2) breach of implied covenant of good faith and fair dealing (the "November 13 Email") if Plaintiffs did not agree. *Id*., ¶9, Ex. 3. On November 14, 2023, Defendants' counsel emailed a proposed stipulation to extend the deadline to amend pleadings. *Id*., ¶10. Plaintiffs agreed to the extension, with agreed upon limitations, from November 20, 2023, to December 4, 2023, which was memorialized in the stipulation to extend the deadline for joinder of parties and amend pleadings filed on November 16, 2023 (the "Stipulation"). *Id*., ¶¶10-11, Ex. 4.

On November 29, 2023, a mere five (5) days before the then-deadline for the parties to amend the pleadings, Defendants' counsel sent to Plaintiffs a proposed amended pleading with the Proposed Counterclaims and requested Plaintiffs stipulate to the amendment. *Id*., ¶12, Ex. 5.

The parties were unable to agree and on December 4, 2023, Defendants filed the Motion. *Id*.; Dkt. No. 44. In the Motion, Moody seeks to assert the Proposed Counterclaims against Sony. Motion, Exhibit 1.

Plaintiffs' opposition to the Motion, initially due December 26, 2023, was extended by

4

multiple court orders granting unopposed motions, first to January 16, 2024 [Dkt. No. 50], then February 23, 2024 [Dkt. No. 55], then March 22, 2024 [Dkt. No. 58], then May 31, 2024 [Dkt. No. 63], and currently to July 12, 2024 [Dkt. No. 66]. Matz Aff., ¶15.

## LEGAL STANDARD

To merit amendment, a party must also satisfy the requirements for amendment under Rule 15(a). *Sher v Amica Mut. Ins. Co.*, 2024 WL 989403, at *3 (D Colo 2024). Under Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave to amend", and should only be granted when "justice so requires". Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). However, refusing leave to amend is generally justified "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182).

## ARGUMENT

### I.   MOODY'S COUNTERCLAIMS UNDER COLORADO LAW ARE PRECLUDED UNDER THE CHOICE OF LAW PROVISION IN THE AGREEMENT

"A federal court sitting in diversity applies the conflict of law rules of the forum state…" *Klaxon Co. v. Stentor Electric Manufacturing*, 313 U.S. 487, 497 (1941); *Security Service Federal Credit Union v. First American Mortgage Funding, LLC*, 861 F.Supp.2d 1256, 1267 (D. Colo. 2012). Under Colorado law, "choice of law provisions are ordinarily given effect as they are considered a clear manifestation of the parties' intentions." *Mountain States Adjustment v. Cooke*, 412 P.3d 819, 822 (Colo. App. 2016); *Lester v. Gene Express, Inc.*, 2010 WL 3941417 (D. Colo.

5

Sept. 27, 2010) (finding the choice of Colorado law to bar claims brought under other states' labor laws in a dispute over an employment agreement.); *Allred v. Innova Emergency Med. Assocs., PC*, 2020 WL 3259249, at *6 (D. Colo. June 16, 2020) (noting plaintiff's concession that the employment agreement's choice of Colorado law precludes his California labor code claim and finding that it also precludes his accounting claim brought under California law); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 224, n.28 (3d Cir. 2006) (finding that a loan agreement entered pursuant to the federal Securities Act and which was to be governed by and interpreted under New York law barred claims brought pursuant to Pennsylvania's Securities Act and common law); *Sensoria, LLC v. Kaweske*, 2021 WL 103020, at *8 (D. Colo. Jan. 12, 2021).

In cases where non-breach of contract claims "ultimately depend on the existence of a contractual relationship between the parties", such claims are covered by contractually-based forum selection and choice of law clauses, despite the "pleading of alternate theories of alternative non-contractual theories of liability". *See Greenway Nutrients, Inc. v Blackburn*, 2015 WL 1539027, at *4 (D Colo 2015) (finding Lanham Act claim was subject to forum selection and choice of law clause where the Lanham Act claim relied on an interpretation of the parties' contract).

Defendants have not shown that an amendment is justified under Rule 15(a), because the Proposed Counterclaims were brought under the wrong law and therefore are subject to dismissal. Indeed, the Proposed Counterclaims are directly related to the Agreement, which has a choice of law provision that unequivocally states that the Agreement is "subject to Spanish Laws and Regulations". Agreement, ¶25. However, Defendants' Motion and Proposed Counterclaims are based upon and alleged under Colorado law. Motion, p. 6 ("Colorado law recognizes that every contract contains an implied duty of good faith and fair dealing and a claim for breach of that duty

. . . [s]imilarly, Colorado law recognizes an accounting claim based on the facts alleged in the proposed amendment."). Given that the Proposed Counterclaims are related to Sony's alleged obligations under the Agreement, and therefore are dependent upon the contractual relationship between the parties, the Proposed Counterclaims are subject to the choice of law provision and were required to be brought under Spanish law, to the extent that they can be brought. See *Greenway Nutrients, Inc.*, 2015 WL 1539027, at *4.

Moody's accounting claim is related to the Agreement, as Moody seeks an accounting from Sony for "the periods from inception of the [Agreement] to the present" based on the allegation that Sony "under accounted for royalties due to Moody and paid over to them substantially less money than was and is properly due and owing to them *pursuant to the terms of* the [Agreement]." Proposed Counterclaims, ¶¶125, 127 (emphasis added). Similarly, the breach of the covenant of good faith and fair dealing claim stems directly from the parties' obligations under the Agreement, as Moody alleges that the breach was Sony's failure to enforce rights in the Licensed Product that it was given under the terms of the Agreement, and that as a result of Sony's "material breach of the [Agreement], as aforesaid, Moody has suffered damages[.]" *Id.* ¶¶131-133. Defendants have made no showing that bringing claims under Colorado law is justified where the allegations are directly related to the terms of the Agreement and the parties' rights and obligations under same, and therefore are required to be interpreted under Spanish law. Agreement, ¶25; see *Greenway Nutrients, Inc.*, 2015 WL 1539027, at *4 ("[I]n order to determine whether the Defendants acted in violation of Greenway's rights…will necessarily rely on an interpretation of the Fulfillment Agreement"). Accordingly, the Proposed Counterclaims are precluded from being asserted under Colorado law and as such, Defendants have not shown that an amendment is justified pursuant to Rule 15(a).

7

## II. THE PROPOSED AMENDMENTS WOULD BE FUTILE

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . Accordingly, ... [the Court] consider[s] the sufficiency of the ... claims that [the plaintiff] s[eeks] to add[.]." *Harvest Worship Ctr. v Resound Church*, 2023 WL 6377235, at *3 (D Colo 2023) (internal citations omitted). "The non-moving party bears the burden of showing that the proposed amendment is ... futile." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) (Wang, Mag. J.).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a court must accept as true all of the allegations contained in a complaint, legal conclusions need not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss." *Id.* For the following reasons, the Proposed Counterclaims are futile.

### A. MOODY'S ACCOUNTING CLAIM IS FUTILE

"At the outset, the Court notes that an accounting is an extraordinary remedy..." *Kirzhner v. Silverstein*, 2010 WL 2985615, at *12 (D. Colo. 2010) (internal citations omitted). "The moving party is not entitled to an accounting as of course." *Postal Instant Press v Jackson*, 658 F Supp 739, 743 (D Colo 1987) (citing *Hartman v. Elias,* 41 N.M. 392, 69 P.2d 929 (1937)). "Under Colorado law, a demand for an accounting and a refusal to comply with the demand must be pleaded and proved." *Id.* (citing *American Woodmen's Life Ins. Co. v. Supreme Camp,* 37 Colo.App. 311, 549 P.2d 423, 425 (1976) ("Generally, demand for accounting and refusal to comply with demand are necessary prerequisites to be pleaded and proved, before one is entitled

8

to an accounting.")).

Defendants should not be granted leave to amend for Moody to plead an accounting claim, because Moody failed to adequately allege this claim. The Motion fails to make any showing that an accounting claim is even available under Spanish Law. Moreover, Moody has also failed to plead this claim under Colorado law.[1] The Proposed Counterclaims are devoid of any allegations that Moody demanded an accounting and Sony refused such demand, which is a requirement to state a claim for accounting under Colorado law, even if that law were applicable. *See Supreme Camp of Am. Woodmen*, at 423; *Jackson*, at 743 ("Although defendants may be entitled to an accounting if they cannot determine how much money is due to them from PIP, defendants have failed to allege they have made such a demand and PIP refused to comply."); Motion, Ex. A, ¶¶123-129. Further, the proposed claim for an accounting does not fall under an exception to the demand requirement, because Moody failed to allege that the pre-suit demand would have been futile. *See Kirzhner v Silverstein*, 2010 WL 2985615, at *12 (D Colo 2010) ("[E]xceptions to the pre-suit demand requirement apply where a demand would have been futile or preclusion of the accounting claim would be unreasonable."). For that reason alone, the accounting claim is futile.

Defendants' case, *Kirzhner v. Silverstein,* is of no help to their conclusory argument that Colorado law recognizes an accounting claim "based on the facts alleged" (Motion, p. 6), because in *Kirzhner*, the court found preclusion of the accounting claim would be unreasonable only because the accounting claim was "ancillary" to the Plaintiff's breach of express contract claim. *Kirzhner*, 2010 WL 2985615, at *12. Here, the accounting claim is not ancillary to any breach of contract claim, as one has not been pled. The only other proposed counterclaim is for breach of implied good faith and fair dealing based on Sony's alleged failure to go after copyright infringers

---

[1] This argument is only made in the event that the Court were to find Colorado law to be applicable to the Proposed Counterclaims, which, as set forth in Section I, *supra,* is not conceded.

of the Licensed Product. Proposed Counterclaims, ¶¶130-133.

Moody failed to adequately plead the accounting claim in the Proposed Counterclaims. Therefore, the proposed amendment in the Motion is futile.

### B. MOODY'S IMPLIED BREACH OF GOOD FAITH AND FAIR DEALING IS SUBJECT TO DISMISSAL

Under Colorado law[2], "every contract contains an implied covenant of good faith and fair dealing." *Genova v. Banner Health*, 896 F. Supp. 2d 993, 998 (D. Colo. 2012), aff'd, 734 F.3d 1095 (10th Cir. 2013) (citing *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo.1995)). "The duty to act in good faith arises when the contract grants a party discretionary authority. The party may not exercise its discretion in a manner that defeats the reasonable expectations of the other party." *Id.*

"The duty of good faith and fair dealing applies when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995), as modified on denial of reh'g (Jan. 16, 1996) (citing *Hubbard Chevrolet Co. v. General Motors Corp.,* 873 F.2d 873, 876 (5th Cir.), *cert. denied,* 493 U.S. 978, 110 S.Ct. 506, 107 L.Ed.2d 508 (1989)). "The covenant may be relied upon only when the manner of performance under a specific contract term allows for discretion on the part of either party." *Id."*

Because the central precept of contract law remains that "contracts which are free from ambiguity are to be enforced as written," the duty of good faith and fair dealing cannot "contradict terms or conditions for which a party has bargained." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995), as modified on denial of reh'g (Jan. 16, 1996).  The duty of good faith and fair dealing

---

[2]  This argument is also only made in the event that the Court were to find Colorado law to be applicable to the Proposed Counterclaims, which, as set forth in Section I, *supra,* is not conceded.

also cannot create new terms of a contract. *See Wellness Walk In Tubs, LLC v Scripps Media, Inc.*, 607 F Supp 3d 1167, 1172 (D Colo 2022) ("Because plaintiff cannot rely on the implied duty of good faith and fair dealing to create new terms for which the parties did not bargain, this claim also must be dismissed."); *Integrity Med. Mgt., LLC v Surgical Ctr. at Premier, LLC*, 234 F Supp 3d 1085, 1098 (D Colo 2017) (ruling that the duty of good faith and fair dealing was not violated, as "the parties bargained for the at-will termination provision, so its plain terms cannot be negated by the duty of good faith and fair dealing.").

Defendants' proposed amendment would be futile because Moody's breach of good faith and fair dealing claim is also subject to dismissal. This is not a situation where Sony had discretionary authority to determine certain terms of the Agreement. As evidenced by the Agreement attached to the Proposed Amendment, there are no terms under the Agreement by which Sony would have been required to "send cease and desist letters to the infringers" or do "anything to prevent third parties from infringing the Licensed Product" as Moody alleges in the Proposed Counterclaims, and therefore Moody could not have had a reasonable expectation that Sony would pursue infringers. Motion, Ex. A, ¶¶130-133. Indeed, Sony had no such obligations—the Agreement explicitly states Sony's obligations under the Agreement, which were to (1) release the Licensed Product, i.e., the song "DANCIN" (the "Licensed Product"), in the Territories, as specified in the Agreement during the Term (Agreement, ¶9(b)), and (2) to pay Moody royalties (*id.*, ¶¶13-14). The Agreement was clear that its purpose was to grant Sony rights to the "widest extent possible for [Sony] to be able to peacefully carry out the exploitations under" the Agreement. *Id.,* ¶7. Lastly, to the extent the parties reached any agreement concerning legal responsibility, those responsibilities belonged to Moody. *See* ¶21 (detailing warranties and responsibilities with respect to the Licensed Product that belonged to Moody).

11

If the parties had wanted to add terms to the Agreement to require one of them to pursue copyright infringers, they would have done so. But they did not, and Moody cannot now add significant and material terms to the Agreement. That is especially true where such a burden would be significant. There was never an agreement that would require Sony to enforce the intellectual property rights held by both parties. Moody had just as much of a right, as an owner of the rights to the Licensed Product, to pursue copyright infringers on its own. *See Escobar, Inc. v. Barwest Grp., LLC*, 2021 WL 4319572, at *3 (D. Colo. 2021) ("The owner of a valid copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.").

Nor would Sony ever agree to such terms, as requiring Sony to sue and send cease and desist letters to every potential copyright infringer could lead to it incurring significant legal fees. These alleged obligations that Moody seeks to enforce would be entirely new terms that the parties did not bargain for or contemplate, and therefore cannot be the basis of Moody's breach of the covenant of good faith and fair dealing claim. *Amoco Oil Co.*, 908 P.2d 493 at 498. Moody could not have any good faith, reasonable expectation that Sony would go after copyright infringers in light of the Agreement.

In *Amoco Oil Co.*, the case Moody relies on, is distinguishable because there, the court held that the plaintiff breached the covenant of good faith and fair dealing where it had been "usurping the benefits of the agreements", and the benefits of the agreements were reasonable expectations of each party. *Amoco Oil Co.*, 908 P.2d 493 at 499 ("The covenant of good faith and fair dealing exists in every contract to enforce the reasonable expectations of the parties."). Here, there is no such analogy. Under the Agreement, Sony was only responsible for paying Moody applicable royalties of Sony's Net Receipts, which expressly referred to income "received and collected by

[Sony]". *See* Agreement, ¶¶13-16. Nowhere was Sony required pay royalties on monies earned by third parties for their own infringing activity. Moody seeks to create obligations that were never contemplated by the parties as evidenced by the fact that the Agreement does not require either party to go after infringers, nor is it implied. Therefore, Moody's claim that this was Sony's duty, and not Moody's, is entirely irrational.

For these reasons, the proposed amendment would be futile and Defendants should not be granted leave to amend to include Moody's breach of good faith and fair dealing cause of action.

## III.  DEFENDANTS SHOULD BE DENIED LEAVE TO AMEND FOR UNDUE DELAY

It is well settled in the Tenth Circuit that undue delay alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay, regardless of whether a party would be prejudiced. *Frank v U.S. W., Inc.*, 3 F3d 1357, 1365-66 (10th Cir 1993); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for "untimeliness" or "undue delay". Prejudice to the opposing party need not be shown also.").

Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (internal citations omitted); *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991) (denying plaintiff's motion to amend to amend filed seventeen (17) months after the filing of the original complaint and containing no new evidence that was unavailable at the time of the original filing); *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990); *Spreitzer v. Deutsche Bank Nat. Tr. Co.,* 610 Fed. Appx. 737, 740 (10th Cir. 2015); *Shifrin v. Toll,* 483 Fed. Appx. 446,

451 (10th Cir. 2012); *Ayon v. Gourley*, 185 F.3d 873 (10th Cir. 1999).

The Motion should be denied because Defendants have no adequate explanation for their undue delay in requesting leave to amend. Indeed, Defendants first requested a proposed second amended answer in August 2023. Matz Aff., ¶4. However, Defendants did not provide Plaintiffs with the proposed amended answer until November 29, 2023, months later, and a mere five (5) days prior to the then-deadline to amend pleadings. *Id*., ¶12. On multiple occasions, Plaintiffs' counsel advised Defendants' counsel to proceed with the action until a settlement was finalized, if one could be reached, as Plaintiffs intended to do the same. *Id*., ¶9. However, Defendants continued to delay sending the Proposed Amendment. *Id*. Therefore, Defendants' excuse fails to make up for Defendants' undue delay in filing the Motion.

Further, Defendants' argument that the claims only became an issue on October 17, 2023, is contradicted by their own proposed pleading. Defendants clearly knew of the alleged facts that formed the basis of their breach of good faith and fair dealing claim long before settlement negotiations but failed to include such claim in the Complaint. Indeed, the allegations in both Proposed Counterclaims state that the conduct alleged occurred "since the inception of the [Agreement]" and "over the term of the [Agreement]," which is dated June of 2014. Motion, Ex. A, ¶¶125, 131. As such, the Proposed Counterclaims could have been alleged in both the Answer and First Amended Answer.

Finally, even though Plaintiffs are not required to show prejudice, they would be prejudiced if the Motion was granted. Despite Plaintiffs outlining the issues with Defendants' discovery responses, to date, Defendants have failed to supplement either their responses or document production. *Id*., ¶7. The Motion is just another bad faith tactic by Defendants to prevent the Plaintiffs from moving forward with the action and recovering the damages they are entitled to.

14

For all of the aforementioned reasons, the Motion should be denied.

## **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that the Court deny the Motion in its entirety, and for such further relief as the Court deems just and proper.

Dated: New York, New York
July 12, 2024

Respectfully submitted,

ADELMAN MATZ P.C.

By: /s/ Sarah M. Matz
Sarah M. Matz, Esq.
Gary Adelman, Esq.
1159 Second Avenue, Suite 153
New York, New York 10065
Phone: (646) 650-2207
sarah@adelmanmatz.com
g@adelmanmatz.com
*Attorneys for the Plaintiffs*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Barry M. Golden_____
Barry M. Golden