IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00885-CNS

SONY MUSIC ENTERTAINMENT ESPAÑA, S.L., and
ULTRA RECORDS, LLC,

Plaintiffs,

v.

MOODY II LLC T/A MOODY RECORDINGS,
JONAS TEMPEL, and
WILLIAM RENKOSIK p/k/a DJ BAD BOY BILL,

Defendants.

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR AMENDED ANSWER TO INCLUDE COUNTERCLAIMS AGAINST PLAINTIFF SONY MUSIC ENTERTAINMENT ESPAÑA**

## I. INTRODUCTION

In Plaintiffs Sony Music Entertainment España , S.L. ("Sony España") and Ultra Records, LLC ("Ultra")(collectively, "Plaintiffs"), Opposition (the "Opposition" [Dkt. No. 67]) to Defendants Moody II LLC T/A Moody Recordings ("Moody"), Jonas Tempel ("Tempel"), and William Renkosik p/k/a DJ Bad Boy Bill ("Renkosik") (collectively, "Defendants") Motion for Leave to Amend their First-Amended Answer to Include Counterclaims Against Plaintiff Sony Music Entertainment España (the "Motion" or "Moving Papers" [Dkt. No. 44]), Sony España and Ultra attempt to prematurely and improperly dismiss Defendants' proposed counterclaims before they are even filed in this action. Indeed, Sony España and Ultra spend

1

much of their Opposition arguing that the Defendants' proposed counterclaims are subject to dismissal because of a choice of law provision in the contract at issue and on the merits of the proposed counterclaims. However, this is not the proper stage for such arguments as Defendants have not yet even filed the proposed counterclaims but rather are seeking leave of the Court to amend their answer and bring the proposed counterclaims.

Finally, Sony and Ultra argue that Defendants' Motion should be denied for undue delay. Importantly, Sony and Ultra are unable to point to any delay as Defendants' Motion was timely filed and Defendants have provided a basis for the timing of the Motion. Instead, Sony and Ultra purposefully misstate the facts of this case to portray Defendants as engaging in dilatory tactics in the discovery process of this case. However, as discussed below, Plaintiffs have not actively litigated the case. The parties have effectively stayed the case while they engage in protracted settlement negotiations.

## II. ARGUMENT

### a. Sony Espana and Ultra Misstate the Legal Standard for a Motion for Leave to Amend

As an initial matter, throughout their Opposition, Sony España and Ultra improperly misstate the applicable legal standard and attempt to shift the burden on to Defendants in two ways. First, throughout the Opposition, Sony España and Ultra attempt to shift the burden on Defendants to "justify" their amendments under FRCP Rule 15(a). See Opposition, p. 1, 6-7. ("The Motion should be denied in its entirety because Defendants have failed to show that the proposed amendments are justified."…"Defendants have not shown that an amendment is justified under Rule15(a)"… "Defendants have made no showing that bringing claims under

2

Colorado law is justified…" … "Defendants have not shown that an amendment is justified pursuant to Rule 15(a)").) However, Rule 15(a) does not state that Defendants are required to show that an amendment is justified under Rule 15(a). Second, Sony España and Ultra attempt to prematurely and improperly dismiss Defendants' proposed counterclaims before they are even filed in this action by improperly imposing a Rule 12(b)(6) motion to dismiss analysis on Defendants proposed counterclaims.

The U.S. Supreme Court has held that leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires" and has stated that "if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits and in the absence of any apparent improper motivation, such as undue delay, bad faith or dilatory tactics, the amendment should be 'freely given'." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Tenth Circuit has recognized that leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); see *Foman*, 371 U.S. at 182.

The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, that it would cause substantial prejudice, undue delay or injustice. *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). As discussed below, Sony España and Ultra have made no such showing. Moreover, the moving party is not required in its moving papers to establish that the proposed claims would survive a 12(b)(6) motion to dismiss.

3

### b. MOODY'S COUNTERCLAIMS ARE NOT PRECLUDED UNDER THE CHOICE OF LAW PROVISION

In their Opposition, Sony España and Ultra conclusively state that "Defendants have not shown that an amendment is justified under Rule 15(a), because the proposed counterclaims were brought under the wrong law and therefore are subject to dismissal." Opposition, p. 6. This is not the standard for considering a motion for leave to amend a pleading. As noted above, Rule 15(a) does not require Defendants to show that its proposed amendments are "justified."

Further, if Sony España and Ultra contend that Spanish law applies, that argument is more suited to be heard on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), not here. Moreover, under FRCP Rule 44.1, if Sony España and Ultra intend to raise an issue about Spanish law, they must give notice by a pleading or other writing. FRCP Rule 44.1 states:

> "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law."

Here, Sony España and Ultra have not given any such notice that they intend to rely on foreign law for issues relating to the Contract that is at issue in Plaintiffs' Breach of Contract Claim, which is the same contract that is the subject of Defendants' proposed counterclaims. Moreover, even if Spanish law applies, the proposed counterclaims are valid under Spanish law. (See Decl. of Alfonso González, ¶¶ 2-5.3.)[1]  As demonstrated in Defendants' Moving

---

[1] Defendants were not required to establish the validity of the claim under Spanish law in their Moving Papers on a

4

Papers, the proposed counterclaims are also valid under Colorado law.[2]

Additionally, assuming arguendo that Spanish law should apply to Defendants' proposed counterclaims, Sony España and Ultra cite no authority that because Defendants cited to Colorado law in their Motion, this should lead to denial of leave to amend and preclude Defendants proposed counterclaims from being brought at all. What law should apply is a matter that should be briefed and argued after Defendants are permitted to bring the counterclaims in the first place, not before. Moreover, Plaintiffs did not even attempt in their opposition papers to demonstrate that the proposed counterclaims are invalid under Spanish law.

Indeed, this is demonstrated by the string of caselaw Sony España and Ultra place reliance on in their Opposition which are all in the context of a motion to dismiss or motion for summary judgment and not in the context of a defendant seeking leave to amend to file new counterclaims. Opposition, p. 5-7. In every case Sony España and Ultra cites in support of their argument, the courts' decision was made in the context of a motion to dismiss or motion for summary judgement following a full briefing on the matter. Moreover, the only case that even mentions a defendant amending to bring counter claims is an out of circuit case, *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006) and even then, the context of the case is still

---

motion for leave to amend and Plaintiffs have never complied with FRCP 44.1 providing notice that Spanish law was applicable to the contract at issue.

[2] As for Plaintiffs argument that there is no allegation that Moody demanded an accounting and Sony refused such demand, Defendants' counsel demanded an accounting from Plaintiffs' counsel. Passin Decl, ¶ 3. Thus, it would be futile to demand a formal accounting. Similarly, Plaintiff's argument that the accounting claim is not "ancillary" to a separate breach of contract claim, is also totally without merit. Moody alleges in the proposed accounting claim that Sony España breached the contract and the claim is entitled "Accounting and Payment of Any Money found Due for Breach of Contract."

under cross-motions for summary judgement brought by both parties after the conclusion of discovery.

Here, Sony España and Ultra improperly attempt to circumvent the process. No motion for summary judgment or motion to dismiss has been brought and as noted above and by Sony España and Ultra in their Opposition, almost no discovery has been conducted while the parties attempt to settle this matter.

### c. The Proposed Amendments Would Not be Futile

Plaintiffs' argument that Defendants' proposed amendments would be futile is an attempt to apply a motion for summary judgment standard in the setting of a Motion for Leave to Amend and misses the point of Rule 15(a) and the applicable caselaw. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given when justice so requires. That is the standard. Caselaw applying futility as a basis for denial of proposed amendments concerns the fact pattern where there is a complaint that was filed once previously that is subject to dismissal even if the proposed amendments were permitted or in the instance where the proposed amendments are undoubtedly prohibited by a law such as the First Amendment or a court's earlier ruling.

Defendants seek to amend their answer to assert counterclaims for the first time that have not been asserted yet and which Defendants have not been afforded the opportunity to test on the merits, as the Supreme Court has held is their right. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, Defendants should be allowed to test their counterclaims on the merits and if they are insufficient, the proper venue for disposing of them is a motion to dismiss.

In their Opposition, Sony Espana and Ultra cite to *Harvest Worship Ctr. v Resound*

6

*Church*, 2023 WL 6377235, (D Colo 2023) and *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) to demonstrate the application of futility. In the unreported case *Harvest Worship Ctr.*, the court granted in part and denied in part the plaintiffs' motion to join additional parties and the plaintiffs' motion for leave to amend. However, the court's holdings were based upon two important points. First, the fact that the court had already made rulings as to the issue of title of the subject property which rendered the plaintiffs' proposed amended claims regarding that same issue futile as it had already been decided. *Harvest Worship Ctr*. 2023 WL 6377235, at *12. Second, the proposed amended claims revolving around internal church disciplinary procedures would require the Court to evaluate the ecclesiastical relationship between two pastors and would impermissibly violate the First Amendment of the United States Constitution. *Harvest Worship Ctr*. 2023 WL 6377235, at *14 and 26. Here, this Court has made no findings regarding the issues that are the subject of the Defendants' proposed Counterclaims and is not prohibited from evaluating the issues they raise. In fact, Defendants have not yet had the opportunity to bring the proposed Counterclaims and therefore they have not been tested on their merits whatsoever.

In *Openwater Safety IV, LLC* the court granted the defendants motion for leave to amend to bring two new counterclaims against the plaintiff. In making its decision, the court noted that the deadline to amend pleadings had passed so it must engage in a two-step analysis in determining whether leave for amendment was proper under both Rule 16(b)(4) and Rule 15. *Openwater Safety IV, LLC* 435 F. Supp. 3d at 1151 (D. Colo. 2020). The court found that the defendant was diligent under Rule16(b)(4) due to new evidence being revealed during a deposition and that other than their timeliness arguments, the plaintiff's arguments in

7

opposition to the motion for leave to amend were "more properly reserved for a motion for summary judgment." *Openwater Safety IV, LLC* 435 F. Supp. 3d at 1153 (D. Colo. 2020). Here, Defendants were undoubtedly diligent in seeking to amend as their Motion was filed prior to the deadline for amendment, unlike in *Openwater Safety IV, LLC*. Additionally, similar to *Openwater Safety IV, LLC*, Sony España and Ultra raise arguments that are more properly reserved for a motion for summary judgment.

### d.    There Has Been No Undue Delay By Defendants

There was no undue delay here. Defendants provided Sony España and Ultra with their proposed counterclaims and filed the instant motion **prior to the December 4, 2023, deadline to amend pleadings.** Additionally, Sony España and Ultra's claim of undue delay and discussion of discovery issues is disingenuous and misleading. Defendants' counsel's August 28, 2023, request to stipulate to file a second amended complaint involved an entirely different claim than is the subject of the current Motion.  Passin Decl, ¶¶ 4-5.  As noted in Defendants' moving papers, Defendants did not move earlier because they thought the matter would be settled before the deadline so there was no need to amend their answer to include the Counterclaims.  Moving Papers, p. 3.  Then, on October 17, 2023, Plaintiffs mentioned for the first time that the settlement would have to include a release by Defendants of all claims (other than for accounting periods not yet rendered.) and defendants were not willing to give Plaintiffs the release unless it was provided with some consideration. *Id.*

As also mentioned in Defendants moving papers, there has been basically no discovery conducted in this case.  Moving Papers, p. 5. The Court originally continued all the Court deadlines, including, but not limited to, the discovery deadlines pursuant to a request by the

parties set forth in a Joint Status Report to the Court.  (ECF Nos. 56 & 58).  Plaintiff's Sony España and Ultra made two additional motions to continue the deadlines and the litigation has effectively been stayed since shortly after its inception.  (ECF Nos. 60 & 63 and 64 & 66).

Moreover, Plaintiffs comment that Defendants have still failed to supplement either their deficient written responses or their deficient document production, is extremely misleading.  At the suggestion of Plaintiffs' counsel, both sides request to meet and confer to discuss the other sides' initial written discovery responses were continued indefinitely while the parties have been attempting to settle the case.  Passin Decl, ¶ 6.  Lastly, Plaintiffs' counsel's statement that she "advised Defendants' counsel to proceed with the action until a settlement was finalized, if one could be reached, as Plaintiffs intended to do the same," is belied by Plaintiffs' repeatedly continuing the applicable Court deadlines and putting off the meet and confer regarding discovery indefinitely. Although she may have made a statement to that effect at one time, she obviously later changed her mind.  Had she not done so, Defendants would never have agreed to move the deadlines related to this motion several times.

 Thus, the case is still in the initial discovery stage and Sony España and Ultra's statements that they will be prejudiced are totally without merit.

### III.    CONCLUSION

Defendants respectfully request this Court to grant this motion for leave to file an amended answer and counterclaim.

/ / / /

/ / / /

/ / / /

Dated:  August 9, 2024

Respectfully submitted,

*Mark Passin*
_____
Mark D. Passin, Esq.
Reeder McCreary, LLP
11766 Wilshire Boulevard
Suite 1470
Phone: (310) 861-2470
Email: mark@reedermccreary.com
*Attorneys for Defendants Moody II LLC T/A Moody Recordings, Jonas Tempel and William Renkosik p/k/a DJ Bad Boy Bill*